UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | M.J. No. 19-5177-JGD |
| v. ) | |
| ) | |
| JASON MEDLEN and LOUIS DELVECCHIO, ) | |
| ) | |
| Defendants. ) | |

<u>AFFIDAVIT IN SUPPORT OF APPLICATION FOR A COMPLAINT</u>

I, Galen E. Doud, being sworn, state:

1. I have been a Special Agent with the Drug Enforcement Administration ("DEA") since May 2017, and I am currently assigned to DEA's Manchester District Office. I am authorized to investigate violations of the laws of the United States, including violations of federal narcotics laws in Title 21 of the United States Code. While attending the DEA Training Academy, I received training on a multitude of topics pertaining to drug investigations. My primary duties as a DEA Special Agent include investigating federal crimes and violations of the Controlled Substances Act at the local, national, and international level. I have been involved in numerous drug investigations, including wiretap investigations, where I have analyzed telephone toll records and subscriber information. I have also participated in both physical and electronic surveillances, including monitoring cell phone "pings," the purchase of illegal drugs, enforcement operations including the execution of both search and arrest warrants, and interviews of sources of information, confidential sources, drug traffickers, and other members of drug trafficking organizations.

2. Prior to being employed as a DEA Special Agent, I was employed as a full time police officer with the City of Nashua, New Hampshire Police Department for approximately

four and one-half years. I made several hundred arrests and initiated, conducted, and assisted in even more criminal investigations, many of which involved drug violations. I worked as a police officer in a uniformed and plain clothed capacity, and debriefed numerous defendants and cultivated many sources of information and confidential sources pertaining to drug trafficking organizations. I have also attended multiple trainings about drug related investigations, and relevant topics associated with drug investigations. I have a Bachelor of Science degree in Criminal Justice from Northeastern University.

3.      Based on my training, education, and experience, I am familiar with the manner and means commonly employed by drug traffickers and drug trafficking organizations to conduct their illegal activities, including purchasing, manufacturing, storing, and distributing controlled substances, the laundering of illegal proceeds, and the efforts of persons involved in such activities to avoid detection by law enforcement. I am also familiar with the terminology and slang commonly employed by drug traffickers. I have observed and examined cocaine, cocaine base ("crack"), heroin, and fentanyl as well as other controlled substances. I am aware of the street prices for these substances, the methods of packaging, and the jargon used in the drug trade.

## PURPOSE OF AFFIDAVIT

4.      I submit this affidavit in support of a Criminal Complaint charging Jason MEDLEN ("MEDLEN") and Louis DELVECCHIO ("DELVECCHIO") with violating Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(vi) (possession with intent distribute 40 grams or more of fentanyl).

5. I am familiar with the facts and circumstances of this investigation from my own personal participation and from oral and written reports made to me by agents of the DEA and other federal, state, and local law enforcement agencies.

6. This Affidavit is submitted for the limited purpose of establishing probable cause to believe that MEDLEN and DELVECCHIO have committed the above offense. Accordingly, I have not included each and every fact known to me and other law enforcement officers involved in this investigation. I have set forth only the facts that I believe are needed to establish the requisite probable cause.

## EVIDENCE IN SUPPORT OF PROBABLE CAUSE

7. On June 6, 2019, investigators observed a light green Volkswagen sedan with Maine registration 6582WB driving in a circuitous route in the area of Rhine Street in Lawrence, Massachusetts. A registry search revealed that the vehicle was registered to MEDLEN with an address in Lisbon Falls, Maine. Lisbon Falls is over 100 miles from Lawrence Massachusetts. Based on my training and experience, I know that narcotics redistributors frequently travel from Maine, New Hampshire, and other areas in Northern New England to Lawrence, Massachusetts to obtain heroin and/or fentanyl. Investigators observed that the vehicle's third brake light in the rear window was nonoperational, and observed two men in the front seats of the vehicle.

8. Investigators observed the Volkswagen pull over on Rhine Street. The male driver, later identified as MEDLEN, exited the vehicle wearing jeans and a red long-sleeve hoodie. The passenger, later identified as DELVECCHIO, shifted over into the driver's seat, and drove the Volkswagen several blocks away before parking. After a short period of time, DELVECCHIO moved the car to another nearby location, and again parked. Meanwhile, investigators observed MEDLEN standing on Rhine Street while manipulating his cellular

telephone. Shortly thereafter, investigators observed a Hispanic male arrive on Rhine Street and make eye contact with MEDLEN. MEDLEN crossed the street to meet with the Hispanic male, and the two walked up a driveway and out of sight. A few seconds later, MEDLEN returned to Rhine Street and walked to meet the Volkswagen where it was parked. MEDLEN entered the driver's seat of the Volkswagen and drove the vehicle away from the area.

9. Based on my training and experience, I know that the Rhine Street area of Lawrence is an area popular for heroin and/or fentanyl trafficking. I also know that drug traffickers prefer to conduct their transactions away from public streets to avoid being observed by law enforcement. Therefore, I believe MEDLEN conducted a drug transaction with the Hispanic male when they walked out of sight of investigators for a brief period of time.

10. Investigators maintained surveillance of the Volkswagen for a short distance and executed a traffic stop on Park Street in Methuen, Massachusetts. Officers approached the vehicle and told the passenger, DELVECCHIO, that they had stopped the vehicle to conduct a drug investigation. Officers asked DELVECCHIO whether he had any drugs. DELVECCHIO responded in the affirmative. Officers then asked where the drugs were located. DELVECCHIO responded, "In the glove box."

11. Investigators ordered both occupants out of the vehicle and conducted a search of the vehicle. In the glove compartment of the vehicle, investigators recovered 30 "fingers" or pressed cylinders of approximately ten grams of light tan powder, inside a clear plastic bag, which was inside of a black plastic shopping bag. The pressed powder was light tan in color. A "TruNarc" field test was performed on the pressed powder, which confirmed the presence of fentanyl.

12. Based on the seizure of approximately 300 grams of suspected fentanyl from the vehicle, both occupants were placed under arrest and advised of their Miranda rights.

13. MEDLEN waived his rights and agreed to speak with investigators. MEDLEN admitted that he purchased the thirty fingers for $6,000 in $20-bills, shortly before being stopped. He admitted that he comes down from Maine to Lawrence on a regular basis to purchase a similar quantity of narcotics.

14. DELVECCHIO also waived his Miranda rights and spoke with investigators. He told them that he was friends with MEDLEN, knew MEDLEN made regular trips to Lawrence, Massachusetts, and knew that MEDLEN sold drugs to 10-12 customers in Maine.

## CONCLUSION

15. Based upon the foregoing, there is probable cause to believe that on June 6, 2019, MEDLEN and DELVECCHIO did knowingly and intentionally possess with intent to distribute 40 grams or more of fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(vi).

I declare that the foregoing is true and correct.

_____
Galen E. Doud
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me,
this 7th day of June, 2019.

_____
Honorable Judith G. Dein
United States Magistrate Judge
District of Massachusetts